IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

AMBER K.,

Plaintiff,

v.

COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,

Defendant.

Case No. 3:25-cv-01970-YY

OPINION AND ORDER

YOU, Magistrate Judge.

Plaintiff Amber K.[1] seeks judicial review of the Commissioner's final decision denying Social Security disability benefits. The district court must affirm the Commissioner's decision if the Commissioner applied proper legal standards and the findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020). With that standard of review applied, the Commissioner's decision is REVERSED and REMANDED for further proceedings consistent with this decision.

## I. Subjective Symptom Testimony

When a claimant has medically documented impairments that could reasonably be expected to produce some degree of the symptoms alleged, and the record contains no affirmative evidence of malingering, "the ALJ can reject the claimant's testimony about the

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the nongovernmental party in this case.

severity of . . . symptoms only by offering specific, clear and convincing reasons for doing so." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996) (citation omitted). A general assertion that the claimant is not credible is insufficient; the ALJ must "state which . . . testimony is not credible and what evidence suggests the complaints are not credible." *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). The reasons proffered must be "sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony." *Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995) (internal citation omitted). The ALJ need not "perform a line-by-line exegesis of the claimant's testimony" or "draft dissertations when denying benefits." *Lambert v. Saul*, 980 F.3d 1266, 1277 (9th Cir. 2020). But Ninth Circuit law "plainly requires" that an ALJ do more than "offer[ ] non-specific conclusions that [the claimant's] testimony [is] inconsistent with [certain evidence]." *Id.* (citations omitted). If the "ALJ's credibility finding is supported by substantial evidence in the record, [the court] may not engage in second-guessing." *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002) (citation omitted).

In evaluating a claimant's subjective symptom testimony, an ALJ may consider whether it is consistent with objective medical evidence. 20 C.F.R. §§ 404.1529(c)(1)-(3), 416.929(c)(1)-(3); SSR 16-3p, *available at* 2017 WL 5180304, at *7-8. The lack of objective medical evidence may not form the sole basis for discounting a claimant's testimony. *Tammy S. v. Comm'r Soc. Sec. Admin.*, No. 6:17-cv-01562-HZ, 2018 WL 5924505, at *4 (D. Or. Nov. 10, 2018) (citing *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) ("[T]he Commissioner may not discredit [a] claimant's testimony as to the severity of symptoms merely because they are unsupported by objective medical evidence.")). However, "[w]hen objective medical evidence in the record is *inconsistent* with the claimant's subjective testimony, the ALJ may indeed weigh it as

undercutting such testimony." *Smartt v. Kijakazi*, 53 F.4th 489, 498 (9th Cir. 2022) (emphasis in original).

Effective March 28, 2016, the Commissioner superseded Social Security Ruling ("SSR") 96-7p, governing the assessment of a claimant's "credibility," and replaced it with SSR 16-3p. *See* SSR 16-3p, *available at* 2016 WL 1119029. SSR 16-3p eliminates the reference to "credibility," clarifies that "subjective symptom evaluation is not an examination of an individual's character," and requires the ALJ to consider all the evidence in an individual's record when evaluating the intensity and persistence of symptoms. *Id.* at *1-2. The ALJ must examine "the entire case record, including the objective medical evidence; an individual's statements about the intensity, persistence, and limiting effects of symptoms; statements and other information provided by medical sources and other persons; and any other relevant evidence in the individual's case record." *Id.* at *4.

Plaintiff contends that the ALJ improperly assessed her subjective symptom testimony regarding her migraines. The ALJ found that plaintiff's migraine headaches constituted a severe impairment, Tr. 19, and accounted for plaintiff's migraines and other conditions in the residual functioning capacity by "limiting [plaintiff] to less than a full range of light work." Tr. 25. The ALJ discussed plaintiff's migraines by noting that plaintiff was trying to find a neurologist to treat her migraines, she "had more migraines than not such that out of 30 days, she has migraines on 25 days," she was "bed-bound during a migraine," and her symptoms improved with Botox. Tr. 24.

Despite finding that plaintiff's migraines were a severe impairment, the ALJ erred in failing to provide a clear and convincing reason for discounting plaintiff's subjective symptom testimony regarding her migraines. The ALJ found that plaintiff's statements about the intensity,

persistence, and limiting effects of her symptoms were "inconsistent because they differ from the evidence in the record." Tr. 25. More specifically, the ALJ observed that "progress notes from October 30, 2018 show the claimant had gone back to most of her usual activities" and that her physical examination was unremarkable. Tr. 25 (citing Tr. 716). This appointment had nothing to do with plaintiff's migraines but pertained to an appointment following emergency room surgery for vaginal cuff bleeding and a blood transfusion. Tr. 716. Plaintiff was told that her exam was normal and that it was "ok to resume all normal activities including heavy lifting and exercise." *Id.*

The Commissioner argues that plaintiff's testimony that she had migraines 25 out of 30 days is undermined by her improvement with treatment. Def. Br. 4. Indeed, plaintiff herself testified that her migraines improved with Botox and she suffered only five to seven migraines per month. Tr. 42–43. However, plaintiff testified that, on a migraine day, she was in bed all day with the lights off, wearing ear plugs and a mask, and she had to take nausea medication. Tr. 42. The vocational expert testified that a person who misses 16 hours of work in a month is unable to maintain competitive employment. Tr. 53.

Elsewhere in the decision, the ALJ discussed plaintiff's physical abilities, including exercise, lifting, and walking, and her mental health. Tr. 25–26. The ALJ also noted plaintiff's ability to engage in activities of daily living, including that she cared for three children, made lunches for her children and ensured they got on the school bus, prepared meals for her family, shopped for groceries for at least an hour, did laundry and other household chores, engaged in personal care, and was able to handle finances. Tr. 27. An ALJ may invoke activities of daily living in the context of discrediting subjective symptom testimony to (1) illustrate a contradiction in previous testimony or (2) demonstrate that the activities meet the threshold for transferable

work skills. *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007). It appears that the ALJ invoked plaintiff's activities of daily living to show that they conflicted with her claims regarding migraines. But plaintiff explained at the hearing that she cannot perform these activities when she has a migraine, and that she will postpone chores and her family will order take-out food if she is suffering from a migraine. Tr. 45.

In sum, the ALJ failed to provide a clear and convincing reason supported by substantial evidence to discount plaintiff's subjective symptom testimony regarding her migraines.

## II. Credit-As-True Analysis

"The ordinary remand rule applies equally to Social Security cases." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014). While courts generally remand to the agency for additional investigation or explanation, the court has the authority to remand for the immediate award of benefits. *Treichler*, 775 F.3d at 1100 (citing 42 U.S.C. §405(g) (indicating the court has the "power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing"). The decision to remand for immediate award of benefits is within the court's discretion. *Treichler*, 775 F.3d at 1100. Because "case law strikes a balance between the ordinary remand rule that generally guides [the court's] review of administrative decisions and the additional flexibility provided by § 405(g)," the court will "generally remand for an award of benefits only in rare circumstances, where no useful purpose would be served by further administrative proceedings and the record has been thoroughly developed." *Id.* (simplified, citations omitted); *see also Lewin v. Schweiker,* 654 F.2d 631, 635 (9th Cir 1981) ("If additional proceedings can remedy defects in the original administrative proceeding, a social security case should be remanded.").

The Ninth Circuit has developed a three-part credit-as-true standard, "each part of which must be satisfied in order for a court to remand to an ALJ with instructions to calculate and award benefits." *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014). The court first asks whether the "ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion." *Id.* Second, if the ALJ has erred, the court determines "whether the record has been fully developed, whether there are outstanding issues that must be resolved before a determination of disability can be made, and whether further administrative proceedings would be useful." *Treichler*, 775 F.3d at 1101 (simplified, citations omitted). "Administrative proceedings are generally useful where the record has not been fully developed, there is a need to resolve conflicts and ambiguities, or the presentation of further evidence . . . may well prove enlightening in light of the passage of time." *Id.* (simplified, citations omitted). "Where there is conflicting evidence, and not all essential factual issues have been resolved, a remand for an award of benefits is inappropriate." *Id.*

Third, if the court concludes that no outstanding issues remain and further proceedings would not be useful, the court may find the relevant testimony credible as a matter of law, and then determine whether the record, taken as a whole, leaves "not the slightest uncertainty as to the outcome of [the] proceeding." *Id.* (quoting *N.L.R.B. v. Wyman–Gordon,* 394 U.S. 759, 766 n. 6 (1969)).

When all three elements are satisfied, a case raises the "rare circumstances" that allow the court to exercise its discretion to depart from the ordinary remand rule. *Treichler*, 775 F.3d at 1101. But, "[o]f course, even when those 'rare circumstances' are present, the decision whether to remand a case for additional evidence or simply to award benefits is in [the court's] discretion." *Id.* at 1101–02 (simplified, citations omitted). The Ninth Circuit has recognized that

courts "have frequently exercised our discretion to remand for further proceedings, rather than for benefits." *Id.* at 1102 (citing *Connett v. Barnhart,* 340 F.3d 871, 874–76 (9th Cir. 2003)). The court has "flexibility to remand for further proceedings when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." *Garrison*, 759 F.3d at 1021.

Here, with respect to the first factor, the ALJ erred in rejecting plaintiff's subjective symptom testimony regarding her migraines as discussed above. The record has been fully developed. However, conflicts in the evidence remain to be resolved. For example, plaintiff had a normal CT scan in 2020. Tr. 336. Under these circumstances, the appropriate remedy is to remand the matter for further proceedings. *Treichler*, 775 F.3d at 1094 (remanding for further proceedings rather than for an award of benefits, "[g]iven the conflicts and ambiguity that remain in the record").

## CONCLUSION

The Commissioner's decision is REVERSED and REMANDED for further proceedings consistent with this decision.

IT IS SO ORDERED.

DATED November 25, 2026.

/s/ Youlee Yim You

Youlee Yim You
United States Magistrate Judge